IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REGINA FRIDAY-DILLARD, | * | C.A. No.: |
| Plaintiff, | * | |
| | * | **TRIAL BY JURY DEMANDED** |
| v. | * | |
| | * | |
| CHRISTIANA CARE HEALTH SYSTEM, | * | |
| INC., a Delaware corporation, | * | |
| | * | |
| Defendant. | * | |

## COMPLAINT

1. Plaintiff Regina Friday-Dillard ("Plaintiff") is a United States citizen who resides at 600 Rockwood Rd., Wilmington, Delaware 19802.

2. Defendant Christiana Care Health Systems, Inc. ("Defendant") is a Delaware corporation doing business in Delaware, whose registered agent is Christiana Care Health System, Inc., 501 West 14th St., Wilmington, DE 19801

3. Defendant is an employer within the State of Delaware and within the jurisdictional coverage of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Title VII), and 42 U.S.C. § 1981.

4. Jurisdiction is conferred on this Court by 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. § 1343.

5. Venue for all causes of action stated herein lies in the District of Delaware, as the acts alleged as the basis for these claims took place within the boundaries of that District.

6. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, and under 42 U.S.C. § 1981, to redress the wrongs done to her by Defendant's discrimination against her on the basis of her race and by Defendant's retaliation against her for her complaints of race discrimination.

7. Plaintiff timely submitted a complaint of discrimination on the basis of race to the Delaware Department of Labor "DDOL") and the Equal Employment Opportunity Commission (the "EEOC")

8. Plaintiff has received a Notice of Right to Sue for the above referenced charge from the DDOL and the EEOC.

9. Plaintiff has timely filed this Complaint within ninety (90) days of her receipt of the aforementioned Notice of Right to Sue.

10. The Plaintiff is African-American.

11. Defendant is liable for the actions of its agents as set forth in this complaint under the principles of agency and the doctrine of *respondeat superior* and pursuant to the ratification of the agents' actions by Defendant.

12. Plaintiff began employment with Defendant as a Community Educator on or about May, 2017, and she continued in her employment with Defendant until Defendant terminated Plaintiff on or about May 3, 2018.

13. At all times relevant to this Complaint, Plaintiff was qualified for her job position and satisfactorily performed all duties of her job position.

14. During the period of her employment, Plaintiff was subjected to differential treatment on the basis of her race by agents of the Defendant, including but not limited to the following:

    a. Plaintiff's supervisor, Cynthia Fanning, repeatedly assigned Plaintiff tasks without training her, setting Plaintiff up to fail;

    b. Fanning repeatedly insulted, berated and belittled Plaintiff in front of Caucasian staff for poor performance;

    c.    Fanning unfairly placed Plaintiff on a 90-day performance plan, even though Plaintiff's team members were praising her work performance;

    d.    Plaintiff complained about Fanning's treatment of her to the Department Chair, Fanning's supervisor, Francis Gott, COO Mike Eppieheimer, and to her Human Resources representative. The HR representative advised Plaintiff to post for other positions with Defendant's organization;

    e.    Fanning's retaliatory conduct escalated after Plaintiff received praise from her team members for successfully planning an important medical conference; and

    f.    Fanning terminated Plaintiff for poor performance, when in fact Plaintiff was successfully performing her job responsibilities.

15.    The reason proffered by Defendant for Plaintiff's termination was pretextual and intended to mask the true reasons for Plaintiff's termination, *i.e.*, discrimination and retaliation against Plaintiff on the basis of her race, and retaliation against Plaintiff for her complaints of discrimination.

16.    The wrongful acts committed by Defendant, acting by and through its agents, as stated hereinabove, were willful, wanton, and committed in bad faith.

17.    As a direct result of the actions of Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

## COUNT I – TITLE VII

18.    Plaintiff hereby restates and incorporates by reference paragraphs 1 through 17 hereinabove.

19. By committing the aforementioned acts, Defendant has discriminated against Plaintiff on the basis of her race in violation of 42 U.S.C. § 2000e et. seq.

20. By committing the aforementioned acts, including the subsequent termination, Defendant has retaliated against Plaintiff based on her race.

21. As a direct result of the discriminatory, retaliatory, and wrongful conduct of the Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant, for:

    a. Back pay, including interest;

    b. Reinstatement, if feasible, or in the alternative, front pay;

    c. Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

    d. Punitive damages;

    e. Pre-judgment and post-judgment interest;

    f. Attorney's fees and costs; and

    g. Any other relief, whether legal or equitable, that this Court deems just.

### COUNT II – 42 U.S.C. § 1981

22. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 21 hereinabove.

23. By committing the aforementioned acts, and specifically by discriminating against Plaintiff on the basis of her race, Defendant has violated 42 U.S.C. § 1981.

24. By committing the aforementioned acts, including subsequent termination, Defendant has retaliated against Plaintiff on the basis of her race.

25. As a direct result of the discriminatory, retaliatory, and wrongful conduct of the Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendant for:

a. back pay, including interest;

b. reinstatement, if feasible, or in the alternative, front pay;

c. compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

d. punitive damages;

e. pre-judgment and post-judgment interest;

f. attorney's fees; and

g. any other relief that this Court deems just.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
William D. Fletcher, Jr., Esq. (#362)
Gary E. Junge, Esq. (#6169)
414 S. State Street
P.O. Box 497
Dover, DE 19901-0497
(302) 674-0140
Attorneys for Plaintiff

DATED: 12-20-19