IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REGINA FRIDAY-DILLARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-cv-2338-LPS |
| | ) |
| CHRISTIANA CARE HEALTH SYSTEM, INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 30th day of September, 2020, having reviewed Defendant's Motion to Dismiss and related filings (D.I. 6, 7, 9, 10), **IT IS HEREBY ORDERED** that the motion (D.I. 6) is **GRANTED** and the complaint (D.I. 1) is **DISMISSED WITHOUT PREJUDICE**.[1]

1. Plaintiff filed this lawsuit against Defendant, her former employer, for violations of 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1981, alleging race-based discrimination and retaliation under both statutes. (D.I. 1)

2. Plaintiff's Title VII claims are time-barred, as she failed to file her lawsuit within 90 days from receipt of her Notice of Right to Sue from the EEOC on August 31, 2018. *See* 42 U.S.C. § 2000e-5(f)(1); *see also DuPree v. United Food and Commercial Workers Union*, 2005 WL 41562 (D. Del. Jan. 7, 2005) ("[W]ithout evidence regarding the plaintiff's receipt of the right to sue notice, any attempt to file suit even one day after the expiration of the ninety-day

---

[1] The parties do not dispute the legal standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (*See* D.I. 7 at 3-4; D.I. 9 at 4) The Court will apply the well-accepted principles articulated by the parties.

1

time period must result in dismissal."). Although Plaintiff subsequently filed a second charge based on the same incidents in February 2019 and complied with the 90-day filing deadline following dismissal of that second charge (*see* D.I. 7 at 2-3; D.I. 9 at 2-3), the Court agrees with Defendant that Plaintiff's attempt to revive her claim was procedurally improper. *See* 29 C.F.R. § 1601.19(b) (regarding EEOC's authority to reconsider final determination).

3.  Conceding that she had 90 days to file a civil action following receipt of her Notice of Right to Sue and that she failed to comply with that 90-day deadline, Plaintiff requests that the Court equitably toll the 90-day deadline. (D.I. 9 at 9-10) Plaintiff bases her request on her belief that the EEOC failed to properly investigate her complaint. (*Id.*) This argument, however, is neither supported by allegations in the complaint (*see generally* D.I. 1) nor a basis to warrant tolling of the 90-day deadline. *See Fenton v. Port Auth. of NY and NJ*, 777 F. App'x 45, 48 (3d Cir. 2019) ("[T]here are three principal . . . situations in which equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.") (internal quotation marks omitted). Because Plaintiff has failed to allege facts that would give rise to a situation warranting tolling, Plaintiff has not shown that she is entitled to the "extraordinary remedy" she seeks, and the Court will deny the request. *Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005) ("Equitable tolling is an extraordinary remedy which should be extended only sparingly.").

4.  Nevertheless, even considering the merits of Plaintiff's claims, each claim fails as a matter of law. The Court will address the discrimination and retaliation claims in turn.

5.  "[T]o show a prima facie case of racial discrimination [under Title VII and § 1981], a plaintiff must illustrate that: (1) she is a member of a protected class; (2) she was qualified for the position she held; (3) she suffered an adverse employment action; and (4) similarly situated persons who are not members of the protected class were treated more favorably, or that the circumstances of her termination give rise to an inference of discrimination." *Red v. Potter*, 211 F. App'x 82, 83 (3d Cir. 2006) (citing *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410-11 (3d Cir. 1999)). Here, the Court agrees with Defendant that Plaintiff has failed to allege the second and fourth elements. (*See* D.I. 7 at 5) As to the second element, Plaintiff's mere conclusory statement in her complaint that "Plaintiff was qualified for her job position and satisfactorily performed all duties of her job position" (D.I. 1 ¶ 15) is insufficient, as she fails to allege any facts supporting this statement. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (holding Court not obligated to accept as true "bald assertions") (internal quotation marks omitted); *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997) (same for "unsupported conclusions and unwarranted inferences"). As to the fourth element, Plaintiff provides no facts regarding treatment of similarly situated persons who are not members of the protected class, and Plaintiff similarly fails to allege facts to plausibly give rise to an inference of discrimination. (*See generally* D.I. 1; *see also, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (plaintiff required to plead "enough facts to state a claim to relief that is plausible on its face"))

6.  "To state a prima facie case of retaliation [under Title VII], a plaintiff must show that (1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal connection between the participation in the protected activity and the adverse action." *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 257 (3d Cir. 2017) (citing

3

*Moore v. Philadelphia*, 461 F.3d 331, 340-41 (3d Cir. 2006)). To state a retaliation claim under § 1981, the Plaintiff must also establish "that there ha[s] been an underlying section 1981 violation." *Estate of Olivia v. New Jersey*, 604 F.3d 788, 798 (3d Cir. 2010). Plaintiff has failed to allege the first and third elements of a retaliation case. As to the first element, Plaintiff has failed to allege that she reported to any agent of Defendant that she believed her supervisor, Ms. Fanning, acted based on discrimination. (D.I. 1 ¶ 14; *see also* D.I. 7 Ex. B (EEOC charge referring to complaints of "unfair" treatment)) As to the third element, Plaintiff has failed to allege any facts that show Ms. Fanning was aware of Plaintiff's alleged complaints to others. (D.I. 1 ¶ 14) Further, Plaintiff has failed to allege any facts to support a "pattern of antagonism" (D.I. 9 at 8) or an inference based on temporal proximity between the protected activity and the termination (*id.*). (*See* D.I. 1 ¶ 14) Indeed, Plaintiff has alleged no facts at all regarding the timing of her complaints in relation to the timing of her termination. (*See generally* D.I. 1) Thus, Plaintiff has not shown the requisite "causal connection" under either theory; nor has she otherwise shown facts that, together, give rise to an inference of such a connection. *See Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 260 (3d Cir. 2017).

For the foregoing reasons, Defendant's Motion to Dismiss (D.I. 6) is GRANTED, and the complaint (D.I. 1) is DISMISSED WITHOUT PREJUDICE.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

4